# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO CHAIDEZ,<br>CDC #F-47646,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ROBERT HERNANDEZ, WARDEN, et al.<br><br>　　　　　　　　　　Defendants. | Civil No.　　07-1056 IEG (WMc)<br><br>**ORDER:**<br><br>**(1)  SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST IMMUNE DEFENDANTS PURSUANT TO**<br>**28 U.S.C. §§ 1915(e)(2) and 1915A(b); AND**<br><br>**(2) DENYING MOTION TO STAY [Doc. No. 5] AS MOOT** |

On June 6, 2007, Plaintiff, Roberto Chaidez, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility and proceeding pro se, filed a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

On June 15, 2007, this Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed Plaintiff's Complaint for failing to state a claim upon which section 1983 relief could be granted. *See* June 15, 2007 Order at 7-8. In addition, the Court granted Plaintiff leave to file

a First Amended Complaint. However, before Plaintiff received this Order, he filed a First Amended Complaint ("FAC") [Doc. No. 4]. After receiving the Court's Order, Plaintiff filed a "Motion to Stay" [Doc. No. 5] which the Court construes as a motion for extension of time to correct the deficiencies of pleading identified in the Court's June 15th Order.

**I.      Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

As the Court informed Plaintiff in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's

duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

### A. Constitutional Claims

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

#### 1. Rule 8

In Plaintiff's First Amended Complaint, he makes a vague and general allegation that prison officials kidnaped him and placed him in administrative segregation while holding him "hostage in a tiny 'lil' cage." (FAC at 6.) Plaintiff alleges a variety of conspiracies and ways he is being discriminated against but he rarely refers to any specific Defendant. Plaintiff must set forth more detailed factual allegations regarding the claims against each individual Defendant. Based on the failure to provide any specific factual allegations, the Court finds that Plaintiff's First Amended Complaint fails to comply with FED. R. CIV. P. 8(a), which provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." FED. R. CIV. P. 8(a). Rule 8 is designed to provide defendants with fair notice of the claims against them and the grounds on which those claims rest. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

#### 2. Personal Liability & Causation

In addition, the Court finds that Plaintiff has failed to identify with specificity what any specific Defendant did to violate Plaintiff's constitutional rights. A person may be said to deprive another "of a constitutional right, within the meaning of section 1983, [only] if he does

an affirmative acts, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duff*, 588 F.2d 740, 743 (9th Cir. 1978). "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th. Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986). Section 1983 provides for relief only against those who, through their personal involvement as evidenced by affirmative acts, participation in another's affirmative acts, or failure to perform legally required duties, cause the deprivation of Plaintiff's constitutionally protected rights. *Johnson*, 588 F.2d at 743.

Thus, to the extent that Plaintiff wishes to state any constitutional claim against any of the individual persons he lists in his First Amended Complaint, he must amend his pleading to allege facts which explain what each of these individuals did, or failed to do, and why he believes those acts or omissions amounted to a violation of the specific constitutional rights. *Id.*, *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)("In order for a person acting under color of state law to be liable under § 1983, there must be a showing of personal participation in the alleged rights deprivation.").

### 3.     **Fourteenth Amendment Due Process Rights**

In addition, Plaintiff continues to claim that his due process rights were violated when prison officials failed to properly process his administrative grievances. The Fourteenth Amendment to the United States Constitution provides that: "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v.*

1  *Fano*, 427 U.S. 215, 223-27 (1976). Thus, to state a procedural due process claim, Plaintiff must
2  allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the
3  interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913
4  (9th Cir. 2000). To the extent Plaintiff challenges the procedural adequacy of CDC inmate
5  grievance procedures, his First Amended Complaint fails to state a due process claim. *See* 28
6  U.S.C. § 1915A(b)(1); *Resnick*, 213 F.3d at 446. This is because the Ninth Circuit has held that
7  prisoners have no protected *property* interest in an inmate grievance procedure arising directly
8  from the Due Process Clause. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding
9  that the due process clause of the Fourteenth Amendment creates "no legitimate claim of
10 entitlement to a [prison] grievance procedure"); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.
11 1994) (1995); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)

12 In addition, Plaintiff has failed to plead facts sufficient to show that any named prison
13 official deprived him of a protected *liberty* interest by allegedly failing to respond to his prison
14 grievances in a satisfactory manner. While a liberty interest can arise from state law or prison
15 regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if
16 Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not
17 expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in
18 relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995);
19 *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997). Plaintiff pleads no facts to suggest how
20 the allegedly inadequate review and consideration of his inmate grievances amounted to a
21 restraint on his freedom not contemplated by his original sentence or how they resulted in an
22 "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84.

23 Accordingly, Plaintiff's Fourteenth Amendment due process claims are dismissed for
24 failing to state a claim upon which § 1983 relief can be granted.

25 **4.  Retaliation Claims**

26 Plaintiff also continues to claim that he has been retaliated against for filing
27 administrative grievances in violation of his First Amendment rights. To the extent Plaintiff
28 claims Defendants have retaliated against him, he must allege facts sufficient to show that: (1)

1  he was retaliated against for exercising his constitutional rights, (2) the alleged retaliatory action
2  "does not advance legitimate penological goals, such as preserving institutional order and
3  discipline," *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam), and (3) the
4  defendants' actions harmed him.[1]  *See Rhodes v. Robinson*, 380 F.3d 1183, 1131 (9th Cir. 2004)
5  ("Our cases, in short, are clear that any retribution visited upon a prisoner due to his decision to
6  engage in protected conduct is sufficient to ground a claim of unlawful First Amendment
7  retaliation--whether such detriment "chills" the plaintiff's exercise of his First Amendment rights
8  or not."); *see also Resnick*, 213 F.3d at 449; *Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997).

Here, Plaintiff has failed to allege that Defendants' actions failed to "advance legitimate penological goals," *Barnett*, 31 F.3d at 815-16, that he was harmed as a result of exercising his First Amendment rights, *Rhodes*, 380 F.3d at 1131, or has been otherwise 'chilled' in relation to the exercise of his rights. *Resnick*, 213 F.3d at 449; *Hines*, 108 F.3d at 269.  Therefore, the Court must also sua sponte dismiss Plaintiff's retaliation claims for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b).

**5.    Eleventh Amendment**

Finally, Plaintiff names the State of California and the California Department of Corrections as Defendants. The State of California and the California Department of Corrections, as an agency of the State of California, are not "persons" subject to suit and are instead, entitled to absolute immunity from monetary damages actions under the Eleventh Amendment.  *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-54 (1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see also Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is not a "person" within the meaning of § 1983).    In order to state a claim under  § 1983, Plaintiff must identify a

---

[1] "[A] retaliation claim may assert an injury *no more tangible* than a chilling effect on First Amendment rights." *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir.2001) (emphasis original). "Without alleging a chilling effect, a retaliation claim without allegation of other harm is not actionable." *Id.* Thus, while many plaintiffs alleging retaliation can show harm by pointing to the "chilling effect" such acts may have had on the exercise of their First Amendment rights, "harms entirely independent from a chilling effect can ground retaliation claims." *Rhodes*, 380 F.3d at 1131.

"person" who, acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See* 42 U.S.C. § 1983.

Therefore, Plaintiff's claims for monetary damages against the State of California and the California Department of Corrections are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and 28 U.S.C. § 1915A(b)(2).

### III.   Conclusion and Order

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and (iii) and 1915A(b)(1) and (2). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

2.   Plaintiff's "Motion to Stay" [Doc. No. 5] is liberally construed as a motion for extension of time to file an Amended Complaint and is **DENIED** as moot;

3.   The Clerk of Court is directed to mail a Court approved form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: August 29, 2007

**HON. IRMA E. GONZALEZ, Chief Judge**
United States District Court
Southern District of California